# Broad Street Hotel Co. *v.* Weaver's Administrator.

## *Action on Subscription.*

1. *Private act; not judicially noticed.*—Although private acts may be read in evidence at the trial of a cause, without being specially pleaded, courts do not take judicial notice of them, and can not look outside of a complaint or plea demurred to, which contains a reference to a private statute by date and title only, to ascertain what it contains, and thereby determine the sufficiency of the demurrer.

2. *Action on subscription for a sum of money payable in building material; what need not be averred.*—In an action to recover a subscription of a given number of dollars "payable in building material," at such time as the board of directors of the corporation should require, it is not necessary to aver what kind of building material the corporation desired or was willing to accept; the subscriber, at the time the call is made, should announce his purpose to pay in building material, and ascertain what kind was needed, and when and where it should be delivered, and failing to do so, waives the right to pay in building material.

APPEAL from Circuit Court of Dallas.

Tried before Hon. G. H. CRAIG.

The Broad Street Hotel Company, a body corporate, brought this action against the administrator of P. J. Weaver, deceased, to recover damages for intestate's breach of a contract made by him, for the purpose of becoming a stockholder in said corporation. The substance of the complaint, as also of defendant's demurrer to it, are set forth in the opinion. Judgment having been rendered in favor of the defendant on the demurrer, the plaintiff brings the case here by appeal.

PETTUS, DAWSON & TILLMAN, for appellant.

MORGAN, LAPSLEY & NELSON, *contra*.

[Broad Street Hotel Company v. Weaver's Administrator.]

MANNING, J.—The complaint in this cause is founded on a subscription by defendant's intestate, P. J. Weaver, March, 1860, by which he, for the purpose, as the agreement sets forth, of becoming a stockholder with others "in the Broad Street Hotel Company, of Selma, under an act of the legislature . . . entitled 'an act to incorporate the Broad Street Hotel Company, of Selma,' approved February 15th, 1854, and the act to amend and revise the same, approved February 2, 1860," subscribed and bound himself to pay to said company, "at such time, in such instalments, and in such manner as the board of directors of said company when organized may require, . . . five thousand dollars, payable in building materials." The complaint then alleges the organization of the company and election of a board of directors on the first day of June, 1860, and that afterwards all the capital stock subscribed was required to be paid in as follows : one-fourth of the amount on the first day of August, 1860, and the residue in two equal instalments, one on the first day of January, 1861, and the other on the first day of July, 1861, with interest thereon from the first day of August, 1860; and that although said P. J. Weaver was often requested to pay said sum of five thousand dollars in building materials, after the same became due, in manner as aforesaid, he wholly failed and refused to pay the same, or any part thereof, in his life-time, and that defendant, as his administrator, although often requested to pay same, had wholly failed and neglected to do so.

To this complaint there was a demurrer, because, as alleged, it appears by the statutes referred to in the subscription agreement, that the persons authorized to take subscriptions to the capital stock of this company were not authorized by law to take a subscription payable in any thing else than money, wherefore the subscription was void; and because the call was not made for payment of the subscriptions according to the terms thereof.

The question intended to be raised by the first of these grounds of demurrer, cannot be brought before us in this manner. Although private acts may be read in evidence at the trial of a cause without being specially pleaded, yet the court cannot look outside of a complaint or plea demurred to which contains only a reference by title and date to a private statute, to ascertain what it contains. It must be set out, or its provisions substantially stated in the pleading, to enable the court to take cognizance of it upon a demurrer. It is not supposed judicially to know the contents of private

[Prout v. Hoge.]

acts of the General Assembly. In reference to the general statute laws of a sister State, which stand in this respect in a similar attitude, in *Drake and Wife v. Glover*, 30 Ala. 388, when such enactments were referred to in a bill of exceptions as sections of the code of Louisiana, specified by their numbers but not set out; this court, through WALKER, C. J., said: "We cannot look into the code of Louisiana for the purpose of ascertaining what those sections contain." The proper way of presenting the question intended to be raised, would be by plea on the part of defendant.

If, however, the acts referred to had been set out at length, the objection made by the demurrer would not have been well taken. When the company was properly organized—which it may have been without any aid from Weaver's subscription—it might accept and validate that subscription, if it needed to be so validated.

The point made under the second assignment of the causes of demurrer—that it is not shown what sort of building materials the company desired and were willing to accept—is not well taken. By the subscription, the intestate bound himself to pay $5,000, reserving the privilege to pay in building materials. He had the right, however, and it might have been easier to him, to pay that sum in money. It devolved upon him, if he insisted on paying in building material, to respond to that effect to the demand of plaintiff, and inquire from it as to the kind of materials it needed, and when and where it would have them delivered.—*Eppes v. Miss. G. & T. R. R. Co.*, 35 Ala. 33.

The judgment of the Circuit Court must be reversed, and the cause remanded.