# Perryman v. Wolffe.

*Action by Purchaser for Breach of Contract on Sale of Stock.*

1. *Contract for sale of shares of stock with future delivery.*—A contract for the sale of shares of stock in a corporation, to be delivered within a specified period of time at the seller's option, is *prima facie* valid, though the seller may not have had any shares of stock at the time; but, if the parties agreed or intended that there should be no delivery, and that only the difference in the market price should be paid, it is a wagering contract (Code, § 1742), and can not be enforced.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by E. D. Wolffe against W. E. Perryman, to recover damages for the breach of a special contract for the sale by defendant to plaintiff of fifty shares of stock in the South Anniston Land Company, which he failed to deliver on demand within the stipulated time. A trial by jury being waived, the court rendered judgment for the plaintiff, for $418.50; and this judgment, to which the defendant excepted, is here assigned as error.

JOHN H. MILLER, for appellant.

CARMICHAEL & THACH, *contra.*

[Perryman v. Wolffe.]

CLOPTON, J.—We concur in the court's finding of the facts. The great preponderance of the evidence shows, that defendant sold plaintiff fifty shares of the capital stock of the South Anniston Land Company, in October, 1888, at eleven dollars per share, to be delivered at the expiration of twelve months from the making of the contract, with seller's option to deliver at any time during that period. The principles governing such contracts are too well settled to require discussion. When the parties agree at the time of making the contract, or the intent is, that no property shall pass, or any delivery be made, but to pay the difference between the price agreed on and the market price at some future day, whatever may be the form of the contract, it is a wager upon the fluctuations of the market, and comes within the denunciation of the statute pronouncing void all contracts founded, in whole or in part, on a gambling consideration.—Code, § 1742. On the other hand, ownership or possession of the property at the time of making the contract is not essential to the validity of a contract for delivery at some future day; and if the parties understand and intend that the seller shall deliver, and the buyers pay for the property, at the maturity of the contract, it is a legal and valid transaction, which the law will uphold; and that the seller may have the option to deliver at any time before the maturity of the contract makes no difference.—*Hawley v. Bibb*, 69 Ala. 52; *Wall v. Schneider*, 59 Wis. 352; 48 Amer. Rep. 520.

Courts will not presume that parties to contracts intended to violate the law; the intendment rather is in favor of their validity. By the terms of the contract, defendant agreed to deliver the stock, and plaintiff agreed to accept a delivery. The contract is *prima facie* valid, and the defendant, on whom rests the burden of proof, has failed to show any understanding or intent that there should be no delivery.

There is no error in admitting the evidence of the witness Smith. The statements as to the terms of the contract, to which he testified, were made in the presence and hearing of both plaintiff and defendant, a few minutes after the terms were agreed on, and before the persons present had dispersed. And even if there was error, the case having been tried by the court without a jury, and the other evidence being sufficient to sustain the judgment, the error would not work a reversal.

Affirmed.