**SHANNON v. McCLUNG. (7 Div. 416.)**

(Supreme Court of Alabama. Nov. 1, 1923.)

**1. Appeal and error ⚖══1040(13)—Plaintiff not prejudiced by overruling of demurrer to plea constituting in effect the general issue.**

An order overruling demurrer to a plea which was in effect the general issue was not prejudicial error as to plaintiff.

**2. Gaming ⚖══48(2)—Allegations held to show transaction in cotton futures.**

Pleas alleging that the sum of money claimed by plaintiff from defendant arose "out of a contract between said parties for the purchase of cotton to be delivered at a future date, the said parties not intending that the said cotton should be actually delivered in kind and the price paid," and that the plaintiff ought not recover because the amount claimed arose "out of a contract commonly called 'futures' in this, that the consideration of said contract was the purchase or sale of cotton to be delivered at a future day, the plaintiff and defendant not intending that the said cotton should be actually delivered in kind and the price paid," *held* sufficient to show that the transaction was in cotton futures, in violation of Gen. Acts 1915, p. 913, and U. S. Comp. St. § 6309a et seq.; being sufficient to disclose the intention of the parties to gamble upon the difference in the contract price and the market price.

Appeal from Circuit Court, Dekalb County; W. W. Haralson, Judge.

Action by J. J. Shannon, doing business as Shannon & Co., against W. H. McClung. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The suit is upon the common counts—for money due by account; for money loaned, account stated, goods, etc., sold, and money paid.

Defendant's pleas 5, 6, and 7, are as follows:

"5. That the sum of money claimed in said complaint by the plaintiff as due from him arises out of a contract between said parties for the purchase of cotton to be delivered at a future date, the said parties not intending that the said cotton should be actually delivered in kind and the price paid, and defendant avers that said contract, made on or about the 23d day of February, 1919, should not be enforced by this court, the same being void.

"6. And for further answer to the complaint, this defendant says that the plaintiff ought not to recover in this action because the amount claimed by plaintiff from this defendant arises out of a contract commonly called 'futures,' in this, that the consideration of said contract was the purchase or sale of cotton to be delivered at a future day, the plaintiff and defendant not intending that the said cotton should be actually delivered in kind and the price paid.

"7. And for further answer to the complaint this defendant says that the plaintiff ought not to recover in this action, because the undertaking or promise sued on is wholly without a valid consideration."

To these pleas plaintiff demurred on these, among other, grounds:

"Said pleas fail to allege that the parties to the contract intended to gamble upon the difference between the contract price and some subsequent market price.

"Said pleas fail to allege that the parties failed to comply with the terms of an act of Congress approved August 18, 1914, known as the United States Cotton Futures Act.

"Said pleas fail to allege that the plaintiff did not make a bona fide execution of said contract on a regulated cotton exchange."

Ellis & Matthews, of Birmingham, for appellant.

Code, §§ 3349–3361, were repealed by an act of the Legislature of Alabama approved September 25, 1915 (Acts 1915, p. 913). Levy Aronson & White v. Jones, 208 Ala. 104, 93 South. 733. To make a contract illegal for the future delivery of cotton, it must affirmatively appear that neither party contemplated a delivery at the time the contract was made. Marengo v. Hooper, 174 Ala. 497, 56 South. 581; Lehman v. Strassberger, Fed. Cas. No. 8216; Clark v. Foss, Fed. Cas. No. 2852; Warren v. Scanlan, 59 Ill. App. 138; 24 Century Digest, "Gaming," § 20. The law countenances and favors as a necessary part of the nation's business the sale of commodities for future delivery, and the courts have recognized their necessity, and the federal Congress has regulated their operations by appropriate legislation. U. S. Comp. Stat. 1915, § 6309a–v; Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct. 950, 37 L. Ed. 819; Bond v. Hume, 243 U. S. 15, 37 Sup. Ct. 366, 61 L. Ed. 565; Board of Trade v. Christie, 198 U. S. 248, 25 Sup. Ct. 637, 49 L. Ed. 1031; Clews v. Jamieson, 182 U. S. 488, 21 Sup. Ct. 845, 45 L. Ed. 1183; Gettys v. Newburger (C. C. A.) 272 Fed. 209; Hutton v. Terrill (D. C.) 255 Fed. 860; Springs v. James, 137 App. Div. 110, 121 N. Y. Supp. 1054; Roundtree v. Smith, 108 U. S. 269, 2 Sup. Ct. 630, 27 L. Ed. 722.

C. A. Wolfes, of Ft. Payne, for appellee.

Counsel argues questions raised, but without citation of authorities.

GARDNER, J. Suit upon common counts. The defense rested upon the insistence that the litigation arose out of a transaction commonly known as "cotton futures," condemned by the statute in this state, and that therefore the contract was void and unenforceable. Acts 1915, p. 913; Levy, etc., v. Jones, 208 Ala. 104, 93 South. 733; U. S. Cotton Futures

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Act, 38 Stat. p. 693; 39 Stat. 476; U. S. Comp. St. 1916, vol. 6, p. 7291.

The cause was tried before the court without a jury, resulting in a judgment for defendant, from which plaintiff has prosecuted this appeal.

[1] No prejudicial error resulted from the action of the court in overruling demurrers to plea 4, as this plea was in effect the general issue.

[2] We are of the opinion the averments of pleas 5 and 6 are sufficient to show that the transaction came within the condemnation of the statute. These pleas show that in the making of the contract for purchase of cotton to be delivered at a future date, the parties·did not intend that the cotton should be actually delivered in kind and the price paid. We construe this language as necessarily disclosing that the parties intended to gamble upon the difference in the contract price and the market price. There was no error in overruling the demurrer interposed to those pleas. Nor do we consider plea 7 subject.to any assignment of demurrer interposed thereto. Kolsky v. Enslen, 103 Ala. 97, 15 South. 558.

Counsel for appellant insist the proof was insufficient to sustain the judgment, and lay much stress upon the ruling of this court, in Levy v. Jones, supra, wherein it was held that the above cited, Act 1915, p. 913, superseded the provisions of article 5, c. 67, of the Code of 1907, upon this question, including, of course, section 3351 as to "prima facie evidence of void contract." The act of 1915, in section 4, makes provision for a different rule as to what constitutes prima facie proof, to the effect that the fact the contract was not made subject to the United States Cotton Futures Act shall be prima facie evidence of its illegality.

Upon this question the proof is silent, and the rule of evidence referred to is without influence. However, the trial court had the witness before him, and the advantage of observing his demeanor upon the stand and the character of his testimony. We are not prepared to say the evidence would not admit of a reasonable inference to the effect that the parties did not intend an actual delivery of the cotton and a payment of the price.

The evidence has been read in consultation, and given due consideration. A discussion of it would serve no useful purpose. Suffice it to say, we are unable to hold the proof fails to sustain the defense interposed, and the judgment of the court below will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.