(127 So. 673)

T. S. FAULK & CO. v. FENNER & BEANE.

4 Div. 424.

Supreme Court of Alabama.

Dec. 19, 1929.

Rehearing Denied March 20, 1930.

Further Rehearing Denied April 17, 1930.

W. O. Mulkey, of Geneva, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellees.

ANDERSON, C. J.

Section 3351 of the Code of 1907 prescribed what should constitute prima facie proof of a violation of the preceding sections. The Legislature of 1915, in order, no doubt, to recognize the Federal Agriculture or Cotton Futures Act (38 Stat. 693), passed the Acts of 1915, p. 913. This court in the case of Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733, held that said act repealed or amended sections 3349, 3351, and 3353 of the Code of 1907. The Code of 1923 (sections 6819, 6820), however, reproduced sections 3351 and 3353, but substituted section 2 of the act for section 3349 as section 6816 of the present Code. Section 3351 of the Code of 1907, as well as section 4 of the act, were combined and reproduced as section 6819 of the present Code, and both provisions deal with what should constitute prima facie proof of illegal contracts under preceding sections. This reproduction of the two provisions in one section without any effort on the part of the codifier to reconcile or harmonize the two, has created some doubt and uncertainty as to just what is meant, and renders a proper construction of said section rather difficult. We think, however, that the latter part of the section shows recognition of the federal act and that, as the first part dealt with our statute before the act of Congress, the two must not only be considered in pari materia, but so as to give some meaning as to said federal act. We therefore think that the two provisions should be dealt with in the conjunctive, and that proof of both, and not either, shall constitute prima facie evidence of an illegal contract. That is, proof that anything to be sold and delivered was not actually delivered at the time of making the agreement to sell and deliver, and one of the parties deposited or secured, etc., what are commonly called "margins," and that such contract was not made subject to any federal statute relating thereto (including such amendments as may hereafter be made to such statutes by congress), shall be prima facie evidence of an illegal contract declared void by preceding sections. The defendant not only failed to prove that the contract was not made subject to the federal statute, but the plaintiffs affirmatively proved that it was so made. Therefore the defendant failed to establish a prima facie case of invalidity of the contract, and it was incumbent upon them to introduce such evidence as would establish an intent at the time of entering into the contract between both parties that no delivery was expected or would be required.

As said in the case of Gettys v. Newburger (C. C. A.) 272 F. 209, 219: "It was indispensa-

ble to the existence of substantial evidence that any of the contracts was a wager that competent evidence should be introduced that not only the party on one side, but the parties on both sides thereof, had the pernicious intention which constitutes the contracts wagers, and that the plaintiffs, the brokers, either participated therein or were aware of that intention"—citing many cases, including the leading case of Bibb v. Allen, 149 U. S. 491, 13 S. Ct. 950, 37 L. Ed. 819. To like effect has been the holding of this court. Allen v. Caldwell, 149 Ala. 293, 42 So. 855, and cases there cited. True, the Alabama cases were decided before the adoption of section 3351 of the Code of 1907, and before the adoption of the act of 1915, but, as above noted, these provisions now constituting section 6819 of the Code of 1923 merely deal with the question of making out a prima facie case and in no wise change the law as to what did or did not constitute a forbidden wager.

The result is, it was incumbent upon the defendant to prove that the contract was entered into by both parties with the pernicious intent of making a wager, that is, they did not intend a delivery of the cotton, but to gamble on the difference between the contract price and some subsequent market price, and this the defendant failed to do.

The cases cited by appellant's counsel, Birmingham Trust Co. v. Curry, 175 Ala. 373, 57 So. 962, Ann. Cas. 1914D, 81, and Shannon v. McClung, 210 Ala. 273, 97 So. 840, are in conformity with this opinion, as the pleas dealt with in said cases set up a common intent of the parties to the contract that no delivery would be made.

It is insisted that the contract was improperly closed for the reason that defendant had been extended a line of credit and reliance is placed upon a certain letter on page 40 of the record. This letter only extended a line of credit to the extent of $1,000 or $1,500 or more if the business justified thus reserving the option of determining whether or not the business justified it and the plaintiff exercised the option by calling on the defendant for further margin, which was furnished in part only, and without any contention of a fixed credit extention. Moreover, the defendant, apart from this, has shown no damage in support of the claimed breach, as the time for delivery was December, and the evidence shows a decline in the market from the time of closing the defendant out up to that time, and the closing out benefited rather than damaged the defendant, and there is nothing in the record to indicate an obligation on the part of the plaintiff to renew the contract after December.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.

Upon Rehearing.

ANDERSON, C. J.

As stated in the foregoing opinion, an interpretation of section 6819 of the Code of 1923 is not free from difficulty, and we are taken to task upon application for rehearing for considering the two provisions in the conjunctive. We realize that in doing this we placed upon the defendant the burden of proving a negative to make out a prima facie case of illegality and were perhaps led into this by the fact that there is no need to resort to the second provision until the first is proven. In other words, unless it was a marginal transaction, the statute does not apply. As to the conclusion reached in the present case, it matters not as to whether we properly construed section 6819 as requiring the defendant to prove both provisions, as the proof of the plaintiff established the fact that the contract was made in conformity to the "United States Cotton Futures Act," title 26, chapter 13, sections 731 to 752, inclusive, of the United States Code Annotated. In order, however, to avoid any misleading tendency of the original opinion, we will confess the error of construing it in the conjunctive, and, while awkwardly worded, we think the logical meaning of same is that proof of the first part of the section makes out a prima facie case of illegality of all forbidden transactions, but, in order to give force and effect to the legislative recognition of the federal act as to the sales of cotton, the prima facie case made out under the first part of the section may be met and overcome by proof that the contract was made under the "United States Cotton Futures Act," and which was done in the present case. Mullinix v. Hubbard (C. C. A.) 6 F.(2d) 109.

It is urged that the contract was not made in conformity with the federal statute, section 742 requiring a stamp and the payment of the tax imposed by section 733, and that it was therefore nonenforceable under the terms of section 743. We think counsel, in making this contention, overlooked section 735, which exempts contracts from the tax imposed by section 733, if made in conformity with section 734 and with the conditions set forth in said section 735.

The application for rehearing is overruled.

SAYRE, THOMAS, and BROWN, JJ., concur.