(127 So. 677)

## ROBERTS v. STATE.
### 8 Div. 871.

Court of Appeals of Alabama.
April 8, 1930.

O. M. Rains, of Scottsboro, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

■ No briefs have been filed by appellant or by the state. This appeal is from a judgment of conviction wherein the defendant (appellant) was adjudged guilty of the of-

fense of aiding a prisoner charged with a felony to escape from the county jail of Jackson county, Ala., said judgment being in accord with the verdict of the jury.

The evidence presented a question of fact for the determination of the jury. It tended to show that this appellant, his wife, and another woman, sister of one Frank Starling who was imprisoned in jail, entered the jail with the announced purpose of conveying to said prisoner a pair of shoes which they had in their possession at the time, and in the sole of each shoe a hack saw was concealed. The evidence showed that the saws in question were suitable to be used in sawing the bars in the jail cell, and were useful for any person to escape from jail. The deputy sheriff, to whom these parties applied for permission to deliver the shoes to the prisoner, testified that, "I examined the shoes in the hall of the jail in the presence of defendant, and when I discovered the first saw, this appellant started to leave the door and I told him to hold on I would arrest him for those hack saws." This witness also testified, after proper predicate, that "the defendant said he bought the saws, but he had to have them to use in his blacksmith shop. He said he bought them in Bridgeport."

The following two sections of the Code 1923, sections 4016, 4017, bear directly upon this case:

"Any person who conveys into the county jail, or into the penitentiary, or into any convict prison, or into any other lawful place of confinement, any disguise, weapon, tool, instrument, or other thing useful to aid any prisoner to escape therefrom, with the intent to facilitate the escape of any prisoner lawfully confined therein under a charge or conviction of felony, or who, by any other act, or in any other way, aids or assists such prisoner to escape, whether such escape be attempted or effected or not, or who rescues, or attempts to rescue, any such prisoner therefrom, or from the lawful custody of any officer or person, must, on conviction, be imprisoned in the penitentiary for not less than two nor more than ten years."

"Any person who, by any of the means specified in the last preceding section, or by any other act, or in any other manner whatsoever, intentionally assists, or attempts to assist, any prisoner to escape from any county jail, or other lawful place of confinement, in which he is lawfully confined under a charge or conviction of misdemeanor, whether such escape be attempted or effected or not, or who rescues, or attempts to rescue, any such prisoner therefrom, or from the lawful custody of any officer, or person, must, on conviction, be fined not more than one thousand dollars, and may also be imprisoned in the county jail, or sentenced to hard labor

for the county for not more than twelve months."

Upon the trial it was not only competent and admissible, but it was necessary, to prove that the said prisoner Frank Starling was confined in said jail upon a charge of felony, as averred in the indictment. This was an essential ingredient of the offense, and the exceptions reserved to the court's rulings in this connection cannot avail this appellant.

We find no reversible error in any ruling of the court. The motion for new trial was properly overruled.

Affirmed.