(130 So. 892)
### FENNER & BEANE v. PHILLIPS.
### 6 Div. 508.

Supreme Court of Alabama.
Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

Benners, Burr, McKamy & Forman, of Birmingham, for appellants.

Arther Fite and Bankhead & Bankhead, all of Jasper, for appellee.

## THOMAS, J.

The question for decision is the refusal of general instructions requested by plaintiff.

The history of the pertinent statutes was adverted to in Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733, and the change of statute to meet that decision indicated in T. S. Faulk & Co. v. Fenner & Beane (Ala. Sup.) 127 So. 673,[1] and in editor's notes, Code of 1928, § 6819. And the rule of evidence (under section 6819, Code) is thus stated (127 So. 677[2]): " * * * Proof of the first part of the section makes out a prima facie case of illegality of all forbidden transactions, but, in order to give force and effect to the legislative recognition of the federal act as to the sales of cotton, the prima facie case made out under the first part of the section may be met and overcome by proof that the contract was made under the 'United States Cotton Futures Act,' [26 USCA § 731 et seq.] and which was done in the present case. Mullinix v. Hubbard (C. C. A.) 6 F.(2d) 109." In the Faulk Case the judgment affirmed was that rendered by the court without the intervention of a jury.

What of the judgment of the jury on the evidence in the case at bar and under the prima facie rule of evidence and declared public policy as stated (Calkins v. Vaughan, 217 Ala. 56, 114 So. 570) in section 6819, Code, and the scintilla of evidence rule that obtains? McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Carpenter & Co. v. Naftel, 203 Ala. 487, 83 So. 471. In the opinion in T. S. Faulk & Co. v. Fenner

& Beane, supra, is the specific statement that the decisions in Birmingham Trust & Savings Co. v. Currey, 175 Ala. 373, 57 So. 962, 967, Ann. Cas. 1914D, 81, and Shannon v. McClung, 210 Ala. 273, 97 So. 840, are "in conformity with this [the] opinion" upon "the common intent of the parties to the contract that no delivery would be made." In Currey's Case, supra, Mr. Justice Sayre for the court observed of the rule of evidence under the old statute that: "There is no vested right in the rules of evidence. It is clear that there was no actual delivery of cotton at any time, and that 'margins' were deposited or secured. The rule of evidence enacted in section 3351 of the Code was therefore operative in the case. And on this rule, in connection with all the circumstances in evidence, it was for the jury to say whether A. B. Hooper and Currey had a common purpose that there should be no deliveries of cotton, and, if so, whether plaintiff's assignor had knowledge of that fact." See Browne v. Thorn, 260 U. S. 137, 43 S. Ct. 36, 67 L. Ed. 171.

The pertinent statute indicated makes the proof that cotton was not delivered, and that appellee deposited margins was evidence— "prima facie *evidence*"—that the contract was void (section 6819, Code); not being within the exception of one being engaged in the business of manufacturing or wholesale merchandising, purchasing, or "sale of the necessary commodities required in the ordinary course of their business." Section 6818, Code.

In Marengo Abstract Co. v. Hooper & Co., 174 Ala. 497, 503, 56 So. 580, 582, this court said of the intention of the parties:

"Intention, at the time of contracting, is the factor that does and will determine whether a contract for future delivery of a commodity is legal, and hence binding, or void, because of being a wager upon market fluctuations, and therefore unenforceable. Hawley v. Bibb, 69 Ala. 52; Perryman v. Wolffe, 93 Ala. 290, 9 So. 148; Allen v. Caldwell, 149 Ala. 293, 42 So. 855; Code 1907, § 3349. If the *intention of both the parties*, at the time of contracting, be that no property in the commodity shall pass, or that no delivery in kind shall be made, the engagement is illegal, for it is a wager upon the fluctuations of the market. Authorities supra.

"Intention, that will control in this regard, is not the 'secret design which may dwell in a party's mind and as to whose existence he alone can speak.' Bank v. North, 160 Pa. 303, 308, 313, 28 A. 694, 696; 9 Cyc. p. 578. It is the purpose 'implied and manifested by his act.' Authorities supra."

So, in Allen v. Caldwell, 149 Ala. 293, 296, 42 So. 855, 856, it is declared: " 'When the parties agree at the time of making the contract, or the intent is, that no property shall pass, or any delivery be made, but to pay the

[1] 221 Ala. 96.    [2] 221 Ala. 100.

108

difference between the price agreed on and the market price at some future day, whatever may be the form of the contract, it is a wager upon the fluctuations of the market, and comes within the denunciation of the statute pronouncing void all contracts founded in whole or in part on a gambling consideration. On the other hand, ownership or possession of the property at the time of making the contract is not essential to the validity of a contract for delivery at some future day, and if the parties understand and intend that the seller shall deliver and the buyers pay for the property at the maturity of the contract, it is a legal and valid transaction, which the law will uphold; and that the seller may have the option to deliver at any time before the maturity of the contract makes no difference.' Perryman v. Wolffe, 93 Ala. 290, 9 So. 148; Hawley v. Bibb, 69 Ala. 52; Wall v. Schneider, 59 Wis. 352, 18 N. W. 443, 48 Am. Rep. 520. The burden of proof was upon the parties seeking to avoid the contract to show that it was violative of the statute, and we agree with the court below in holding that they did not satisfactorily do so."

The course of conduct of the instant parties to the several transactions, as to the purchase and sale of cotton, is covered by the exhibits, and, taken with the other evidence, made a case for the jury.

The expression in the opinion in the Faulk Case, that the prima facie case or evidence that the transaction was illegal "may be met and overcome by proof that the contract was made under the 'United States Cotton Futures Act,' and which was done in the present case. Mullinix v. Hubbard (C. C. A.) 6 F.(2d) 109," was in the affirming of the finding of fact by the trial judge, yet the rule of evidence under the respective statutes is stated.

When the course of conduct of both parties is considered with the correspondence and other evidence, and presumptions obtaining as to the due posting of letters of confirmation of such transactions had for the defendant in Newark and on the cotton exchange, there are no contradictory tendencies that made a jury question. And the affirmative charge should have been given.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

On Rehearing.

PER CURIAM.

The holding in Faulk & Co. v. Fenner & Beane (Ala. Sup.) 127 So. 673, 677,[3] on rehearing, was that proof that the article or com-

[3] 221 Ala. 96, 100.

modity agreed to be sold was not actually delivered at the time of making the agreement to sell and deliver, and that one of the parties to such agreement deposited or secured, or agreed to deposit or secure, what are commonly called margins, constituted prima facie evidence that the contract was a gambling transaction and void; "but, in order to give force and effect to the legislative recognition of the federal act as to the sales of cotton, the prima facie case made out under the first part of the section [section 6819] may be met and overcome by proof that the contract was made under the 'United States Cotton Futures Act.'"

Neither of these presumptions is a presumption of fact, but presumptions of law arising upon proof of facts, bringing the case within the rule of these statutes. This statement differentiates the holding here from that in Roman v. Lentz et al., 177 Ala. 64, 58 So. 438, where the plaintiff sought to overcome a prima facie case arising from a presumption of law, by undisputed proof of facts opposed to the presumption of law. In the case at bar the record presents a question of law for the court; in the cited case it was a question of fact for the jury.

Application overruled.

ANDERSON, C. J., and SAYRE, THOMAS, and BROWN, JJ., concur.