147 So. 147

## FENNER & BEANE v. OLIVE.

### 8 Div. 476.

Supreme Court of Alabama.

March 23, 1933.

W. H. Mitchell, of Florence, and Benners, Burr, McKamy & Forman, of Birmingham, for appellants.

A. A. Williams and Almon & Almon, all of Florence, for appellee.

GARDNER, Justice.

The complaint was upon the common counts. The defense rested largely upon the alleged illegality of the consideration; taking the form, to state it generally, that the cause of action arose out of gambling transactions in cotton futures by the defendant, Olive. The form of pleading this defense, as set up in pleas 2 and 3, by way of illustration, has been approved (Shannon v. McClung, 210 Ala. 273, 97 So. 840; Faulk & Co. v. Fenner & Beane, 221 Ala. 96, 127 So. 673), and while not representing the perfection of pleading, and perhaps, from a technical standpoint, subject to some criticism, yet as construed in the above cases, and merely as a matter of pleading, we see no sufficient reason to disturb the holding of these authorities.

Plea 7, however, is entirely different, and attempts to bring forward in the nature of a defense, matter in recoupment. But it was defective in more than one aspect. As has been noted, the complaint contained only the common counts. The plea omitted to aver that the contract matter to which it referred formed the basis of liability declared on in the complaint, or what in fact was the contract. Marengo Abstract Co. v. Hooper & Co., 174 Ala. 497, 56 So. 580, headnote 12. Nor does the plea aver that the plaintiffs' alleged agent was acting in the line and scope of his authority, nor that plaintiffs were under any obligation to carry out instructions from defendant of the character stated. The plea does not disclose that in fact defendant had the right to "close out" the contract. But further discussion is not deemed necessary. That the plea is defective and subject to the demurrer interposed appears to be tacitly conceded in brief of appellee's counsel, as no defense is offered in support of its sufficiency, but the argument rests solely upon the theory the ruling was error without injury, and within the influence of Supreme Court Rule 45, for the reason no evidence was offered in support thereof; and the court did not charge thereon. Henderson v. Tenn. C., I. & R. Co., 190 Ala. 126, 67 So. 414. It is argued that, therefore, the plea "dropped out of the case" and no injury resulted.

But we do not so read the record. The defendant's testimony (pages 29 and 30 of the record) makes reference to instructions to Perry in keeping with the averments of plea 7, and his refusal to follow these instructions. To what extent this testimony was the subject of comment by counsel in argument or considered by the jury in their deliberations is not made to appear. That it was given some prominence, however, would seem very probable, especially in view of the fact that

362

appellee's refused charge 9 was based directly thereon. We are persuaded, therefore, that rule 45 cannot be here invoked to save a reversal.

Our statute (section 6819, Code 1923) and the federal statute, known as the "United States Cotton Futures Act," which is to be considered in connection therewith (chapter 13, vol. 26, USCA §§ 731–752, p. 516 et seq.), have been fully discussed in our former decisions and need no further comment. Fenner & Beane v. Phillips, 222 Ala. 106, 130 So. 892, Faulk & Co. v. Fenner & Beane, supra.

■ The evidence discloses that, under these authorities, any prima facie case made out by defendant was overcome by the testimony of plaintiffs to the effect that the purchase of the cotton for future delivery was in all respects in accord with the rule of the New Orleans Cotton Exchange (Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25), and the above noted federal statute, with particular reference to section 5 thereof (26 USCA § 735).

■ Defendant, therefore, sought by independent proof to show a "pernicious intention" (Gettys v. Newburger (C. C. A.) 272 F. 209) on plaintiffs' part, which constitutes such contract wagers. To this end, over plaintiffs' objection, defendant was permitted to prove, by his own testimony, that he knew of no customer to whom cotton was delivered on the exchange at Florence. The proof shows that the contract may be closed without actual delivery of the cotton by a sale of like number of bales, constituting what is referred to in the authorities as a legal set-off. Gettys v. Newburger, supra; Birmingham Trust & Savings Co. v. Currey, 175 Ala. 373, 57 So. 962, Ann. Cas. 1914D, 81.

The witness was not shown to have any knowledge on the subject of such contracts or of transactions between the local exchange and Fenner & Beane. Furthermore, as noted above, each of these transactions may have been entirely legal, though no actual delivery was made.

Appellee suggests this testimony is admissible as showing a custom and course of business, citing 22 Corpus Juris 176; see, also, 1 Wigmore on Evidence, pp. 615 and 686, §§ 375–380. But, as above indicated, this testimony would not tend to establish a custom or course of business of unlawful dealings, the only purpose for which it could be offered. The evidence rather comes within that class relating to transactions with strangers unconnected with the parties, condemned in Birmingham Trust & Savings Co. v. Currey, supra, 175 Ala. 373, 57 So. 962, Ann. Cas. 1914D, 88, 89. See, also, Montgomery Light & Traction Co. v. Devinney, 200 Ala. 135, 75 So. 883; McKinney v. Darden, 192 Ala. 369, 68 So. 269.

■ Like argument applies to the evidence made the basis of the ninth assignment of error. Plaintiffs' objections should have been sustained.

■ But conceding the evidence as in the case, it still fails to disclose any illegality on the part of plaintiffs in the transaction, but is entirely consistent with their proof that the actual purchase of the cotton for defendant's account was made according to the rules of the cotton exchange, and in conformity to the United States Cotton Futures Act. Therefore, the conclusion is reached that the plaintiffs were entitled to the affirmative charge, as requested. Fenner & Beane v. Phillips, supra; Faulk & Co. v. Fenner & Beane, supra.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.