## BRYANT *vs.* BRYANT.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Construction of contract as to intention of parties.*—In the construction of written instruments, the intention of the parties must govern; and to ascertain that intention, regard must be had to the nature of the instrument itself, the condition of the parties, and the objects which they had in view.

2. *Construction of special contract.*—After the rendition of a judgment for the plaintiff in trover, for $800 damages, besides costs, the defendant having entered a motion for a new trial, the plaintiff thereupon consented in writing, in consideration of the defendant's note for the amount of the damages, " that a new trial may be granted in said cause without the payment of any costs, that the judgment rendered shall be set aside, and said cause be placed upon the docket for trial at the next term of the court

*Held,* in an action on the note, that the plaintiff's agreement, construed in connection with the attendant circumstances, was a stipulation on his part that the judgment should be set aside and a new trial granted; and it being shown that the motion for a new trial was resisted by his attorneys, though not at his instance, and overruled by the court, that there was an entire failure of the consideration of the note.

APPEAL from the Circuit Court of Talladega. Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Rhodicy Bryant, against Needham Bryant, and was founded on the defendant's promissory note for $800, dated the 27th August, 1853, and payable by the 25th December next after date, to the plaintiff. No pleas appear in the record. The bill of exceptions purports to set out all the evidence in the cause, the substance of which may be thus briefly stated: On the 15th August, 1853, the plaintiff recovered a judgment against the defendant, in an action of trover for the conversion of a slave, for $800 damages, besides costs; and the defendant entered a motion for a new trial. Pending this motion, and at the same term of the court, the defendant proposed to Gen. J. Bryant, who was a son of the plaintiff, that he would give his note to the plaintiff for the amount of damages assessed, on condition that the plaintiff would assent to the grant of a new trial, and then dismiss her suit; and the note was signed, and placed in the hands of said J. Bryant, to be delivered to the plaintiff on her assenting to the terms proposed. The note was carried by J. Bryant to the plaintiff, together with a written instrument which had been prepared for her signature, and which (after stating the title of the case, the court in which it was pending, the amount of the judgment, &c.,) was in these words: "I, Rhodicy Bryant, plaintiff, do hereby consent that a new trial may be granted in the above entitled cause, without the payment of any costs; and that the judgment rendered shall be set aside, and said cause be placed on the docket for trial at the next term of the court. In witness whereof, I have hereunto set my hand and seal, this 26th August, 1853." The plaintiff signed this paper in the presence of two witnesses,

and handed it to J. Bryant, who thereupon delivered to her the defendant's note. On the argument of the motion for a new trial, the defendant produced this paper to the court; but the motion was resisted by the plaintiff's counsel, (not at her instance, as they testified, but because they supposed the object of the arrangement was to deprive them of their fees,) and was overruled by the court. Execution was afterwards issued on the judgment, and was enjoined by the defendant; but the injunction had not been finally disposed of when the trial in this case was had.

"The court charged the jury, among other things, that in order to ascertain the contract between the parties, they might look at the objects they were attempting to accomplish, and the subject-matter of the contract; and in order to do this, they must place themselves in the situation the parties occupied at the time they made the contract, and look at all the surrounding circumstances, as disclosed by the evidence.

" 2. Plaintiff's counsel having urged before the jury, during the argument, that if the plaintiff could not recover on this note, she was in great danger of losing her demand altogether, because the record offered in evidence by the defendant showed that her judgment was enjoined by him for and on account of the very agreement which he is now setting up in this suit,—the court told the jury, that there was nothing in this argument, because, on the other hand, if she recovered in this suit, she might get the defendant's injunction dissolved, and would then recover twice.

" 3. The court further charged the jury, that if the note was given in consideration that the plaintiff would sign the written agreement read in evidence, and that a new trial should be granted, and that she would then dismiss her suit; and that the court, of its own motion, and for reasons of its own, refused to grant a new trial,—then the plaintiff could not recover in this action.

" To each of these charges the plaintiff excepted, and then requested the following written charges:

" 1. That if the plaintiff's counsel resisted the defend-

ant's motion for a new trial, against her written consent, and on their own authority and inclination, this does not prejudice the plaintiff, and cannot defeat her rights.

"2. That if the motion for a new trial was denied by the court, against the plaintiff's written consent that a new trial should be granted, the refusal of the court cannot impair the plaintiff's rights, if the note was given in consideration of said written consent.

"3. That if the plaintiff's attorneys resisted the defendant's application for a new trial, against the plaintiff's written consent then produced in open court, and on their own motion, and for their own reasons,—then, if the defendant was thereby injured, he has a right of action against said attorneys, for such damages as he may have sustained by their unauthorized act.

"4. That if there was an understanding that the plaintiff, after the grant of a new trial, should dismiss her suit; and the defendant held and retained her written consent after the refusal of the new trial, and produced it in court to day, and did not tender it back and demand his note with reasonable promptness,—then it is too late for him now to insist that there is no consideration for the note, if he used said written consent in support of his motion for a new trial."

The court refused each of these charges, and to the refusal of each the plaintiff excepted; and she now assigns as error all the rulings of the court to which she reserved exceptions.

PARSONS & J. WHITE, for appellant.

WM. P. CHILTON, and JAS. B. MARTIN, contra.

R. W. WALKER, J.—In the construction of written instruments, the intention of the parties must govern; and to ascertain that intention, regard must be had to the nature of the instrument itself, the condition of the parties executing it, and the objects which they had in view. Strong v. Gregory, 19 Ala. 146.

[2.] Applying this rule to the writing signed by the plaintiff, which, according to the evidence introduced by

her, constituted the consideration for the note sued on, we do not doubt that it is to be treated as a stipulation on her part that a new trial was to be granted, and the judgment set aside. It being shown that these stipulations have not been performed, there is an entire failure of consideration.

Adopting this as the correct construction of this writing, we are not able to perceive that the plaintiff has been injured by any of the charges given, or any of the refusals to give the charges asked.

Judgment affirmed.