(93 South. 733)

## LEVY, ARONSON & WHITE v. JONES.
### (6 Div. 506.)

(Supreme Court of Alabama. April 13, 1922. Rehearing Denied June 30, 1922.)

**1. Appeal and error ⊜⇒795(1)—Motion to dismiss appeal, not in accordance with Code, overruled.**

Where a motion to dismiss an appeal was not in accordance with Act Feb. 15, 1919 (Acts 1919, p. 85) § 5, it will be overruled.

**2. Commerce ⊜⇒8(1) — Rule to determine whether federal statute superseded state enactment stated.**

In determining whether a federal statute has superseded a state enactment, its entire scope and purpose must be considered, and that which needs to be implied within its statutory scope and intent is of no less force than that which is expressed in the act; and, when so considered, if the federal statute in its chosen field of operation will be frustrated and its provisions refused their natural effect, the state law must yield to the federal law within the sphere of its delegated and assumed authority.

**3. Commerce ⊜⇒8(1)—Intent to supersede by federal act exercise by state of police power not inferred from fact that federal act occupies limited field.**

The intent to supersede by a federal act the exercise by the state of its police powers is not to be inferred from the mere fact that Congress has seen fit to circumscribe and to occupy a limited field.

**4. Commerce ⊜⇒8(1)—No irreconcilable conflict between Cotton Futures Act of Congress and state law of sales for future delivery.**

An inspection of the Cotton Futures Act of Congress (U. S. Comp. St. 1916, § 6309a et seq.), relating to an excise tax on dealings in cotton futures, and Laws 1915, p. 913, regulating contracts of sale for future delivery of stocks, commodities, etc., discloses no irreconcilable conflict between the state and federal jurisdiction.

**5. Gaming ⊜⇒12—Transaction in purchase and sale of cotton for future delivery held not protected by United States Cotton Futures Act.**

Where no tax in the nature of an excise tax per pound of cotton involved on a parol sale of cotton for future delivery was paid the United States, it was not within the provisions of United States Cotton Futures Act (U. S. Comp. St. 1916, § 6309a et seq.)

**6. Statutes ⊜⇒161(1)—Rule as to partial repeal of old statute by enactment of new stated.**

If effect can be given consistent with the legislative intent to a part of the provisions of an old statute, without violation of the provisions of the new, repeal by implication of the old statute by the new will be held to be partial only.

**7. Statutes ⊜⇒161(1)—Act dealing fully with entire subject of former act repeals it.**

An act, seeking to deal fully and completely with the entire subject of a former statute, takes the place of and repeals the provisions of the former.

**8. Gaming ⊜⇒3—Act relating to prima facie evidence of void gaming contract repealed by subsequent act.**

Act Sept. 25, 1915 (Acts 1915, p. 913), in attempting to conform with United States Cotton Futures Act (U. S. Comp. St. 1916, § 6309a et seq.) repeals Code 1907, § 3349, in that the definition of contracts declared void in the act is different from the definition of contracts made the subject of section 3349, and repeals section 3351, because the different acts or failures thereof, declared to be prima facie evidence of a void contract under the statute, are different from that embraced in the act, and in the failure to incorporate in the act the provisions of section 3353 it was repealed by implication.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action by Levy, Aronson & White against T. H. Jones, on account, account stated, and for money paid for defendant's use and at his request, and plea of set-off by defendant. From a judgment over for defendant, plaintiffs appeal. Reversed and remanded.

A motion was made by appellees to dismiss the appeal on ground that the transcript was not filed in the Supreme Court within 60 days from the date of signing bill of exceptions.

Percy, Benners & Burr, of Birmingham, for appellant.

There is no inhibition against contracts for the sale or purchase of cotton to be delivered in the future, whether or not parties had the property in existence or expectation, unless both parties had no intention of delivering the property. 149 U. S. 480, 13 Sup. Ct. 1008, 37 L. Ed. 815. The presumption is that contracts are valid, and the court will not presume that parties to a contract intended to violate the law. 174 Ala. 503, 56 South. 580; 137 App. Div. 110, 121 N. Y. Supp. 1054. Sections 3349 to 3353 of the Code were repealed by Acts 1915, p. 913. 196 Ala. 500, 71 South. 724; 62 Ala. 40; 181 Ala. 644, 62 South. 69; 55 Ala. 133. Code, § 3353, has no application to transactions occurring outside the state of Alabama. 249 Fed. 48, 161 C. C. A. 108.

Russell & Johnson, of Oneonta, for appellee.

If effect can be given a part of the provision of the old statute, without violating any of the provisions of the new, the repeal by implication of the old by the new is only partial. 76 Ala. 270. Repeal by implication is

looked on with disfavor. 6 Port. 219, 31 Am. Dec. 677; 19 Ala. 738. The fact that letters confirming the acceptance were mailed from New Orleans will not cause the contract to be regarded as having been made at that place. 13 C. J. 568.

THOMAS, J. [1] The motion to dismiss the appeal is overruled. It was not in accordance with section 5 of the act of February 15, 1919 (Acts 1919, p. 85). Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363.

Counts 1 and 2 of the complaint were the common counts for open and stated accounts. Counts 3 and 4 claimed a certain sum of the defendant for moneys expended by plaintiffs for defendant's use and at his request in the purchase and sale of cotton for future delivery upon the New Orleans Cotton Exchange. Defendant pleaded the general issue, and special pleas that the contracts sued on were future contracts condemned in section 3349 et seq. of the Code. The case was tried without a jury; the judgment rendered being that—

"Defendant T. H. Jones recover of the said plaintiffs, on his plea of set-off the sum of two thousand dollars ($2,000.00) damages, as now found and assessed by the court." Acts 1919, pp. 555, 825.

Defendant's plea of set-off (J. C. Lysle Mill Co. v. North Ala. Groc. Co., 201 Ala. 222, 77 South. 748), on which judgment was rendered against plaintiffs, was that the foundation of the suit is a gambling consideration, and arose in the following manner: During the month of November, 1919, defendant purchased 100 bales of cotton for future delivery by "merely staking margins"; that at the time of said purchase defendant paid the plaintiffs "$1,000 as margins on said contract"; and in said contract it was agreed by the parties that the actual cotton would not be delivered, but that when the time arrived for delivery "differences would be settled for by paying or receiving differences between the price when sold and the price at the time of delivery"; that within 60 days from the making of the contract and the payment of said sum "the price of cotton declined, and plaintiffs made a demand on defendant for another payment of $1,000 as margins on said illegal and gambling contract," which defendant paid "in pursuance of said illegal and gambling contract," being in settlement of the differences to that date "in the price of cotton when sold and the time of delivery in accordance with the terms of the original contract." It is further averred that defendant has never received any cotton or other thing of value for the $2,000 which he so paid "plaintiffs under said illegal and gambling contract, and he hereby offers to set off said $2,000 against the de-

mands of the plaintiffs, and asks judgment for the excess."

The act of March 7, 1907 (Acts 1907, p. 448), as rewritten by the Code Committee and carried as sections 3349–3353, article 5, chapter 67, enumerates future contracts declared void, excepts those engaged in the business of manufacturing or wholesale merchandising in the purchase or sale of the necessary commodities required in the ordinary course of their business, and declares that (Code, § 3351):

"Proof that anything of value, agreed to be sold and delivered, was not actually delivered at the time of making the agreement to sell and deliver, and that one of the parties to such agreement deposited or secured, or agreed to deposit or secure, what are commonly called 'margins,' shall constitute prima facie evidence of the contract declared void by the preceding sections."

And that (section 3353):

"Any money or thing paid or delivered to any person, whether as principal, agent, or broker, in furtherance or settlement of any contract made in violation of this article, may be recovered in any action brought by the person paying the same, his wife or child."

The subject was of legislative consideration (Acts 1915, p. 913) on the passage of the act entitled:

"An act to prescribe, fix and regulate contracts of sale for future delivery of stocks, bonds and other commodities, and to make the contract of sale of cotton for future delivery conform with the acts of Congress approved August 18, 1914, and known as the 'United States Cotton Future Act' (including such amendments as may hereafter be made to said act of Congress), and for the punishment of a violation thereof."

Section 4 thereof provides that proof of the fact that any contract for the future delivery of cotton was not made subject to the act of Congress, approved August 18, 1914, and known as the United States Cotton Futures Act (6 U. S. Comp. St. 1916, c. 8b, § 6309a, p. 7291), shall be prima facie evidence of an illegal contract declared void by section 3 of the act; that the failure to give information required by section 5 shall be of like effect; and the repealing clause of the statute is:

"That all laws and parts of laws in conflict with the provisions of the United States law referred to in section 4 of this act are hereby repealed." Section 6.

The question is whether or not, by the enactment of September 25, 1915, there was the legislative intent to repeal all existing laws of the state relating to the subject dealt with; that is to say, whether the effect of the latter statute upon article 5, chapter 67, of the Code, p. 355, was merely to modify the same or to repeal by implication. Ap-

pellant insists that the article was repealed, or that the effect of the latter statute was to repeal sections 3351–3353 of the Code, as inconsistent with the act of 1915 and the United States Cotton Futures Act. U. S. Stat. at L., vol. 38, p. 693, c. 255; U. S. Comp. St. 1916, vol. 6, p. 7291, c. 8b, § 6309a et seq. If appellant be correct, the trial court could not have applied the prima facie rule of proof declared by Code, § 3351, and without which judgment should not have been rendered against the plaintiffs on the plea of set-off.

A consideration of the record discloses that the lower court decided that the real parties in interest were the individuals composing the firm doing business as Levy, Aronson, and White, as plaintiffs (for whom W. E. Campbell was acting as correspondent) and T. H. Jones, the defendant; that the account existed between Levy, Aronson & White, brokers of the city of New Orleans, and the defendant, of the county of Blount in this state, in which county the suit was brought. It is equally clear that the court determined that the suit grew out of a prohibitive contract under the laws of the state, and that the judgment rendered was based upon the provisions of Code, § 3353, which authorizes a recovery of money paid in settlement or in pursuance of contracts made in violation of law and of this article. The fact that the contract was made under and subject to the laws of this state was supported by the evidence.

[2-4] It will not be doubted that the state has the inherent authority, under its police powers, to pass laws necessary to protect the property and morals, as well as the lives, of the people, and to promote the public convenience and general prosperity, and that such statutes have not been held invalid because incidentally affecting commerce between the states, except only to the extent that Congress has interposed restraint; that though Congress may have enacted a law relating to a subject on which a state may legislate, yet if the federal law be a limited enactment, to such extent is the subject left to state regulation; and where enforcement of the state statute can be had without embarrassment to the enforcement of the federal law, the state enactment will be permitted to operate in aid of the federal. In determining whether a federal statute has superseded a state enactment, its entire scope and purpose must be considered, and that which needs to be implied within its statutory scope and intent is of no less force than that which is expressed in the act. When so considered, if the federal statute, in its chosen field of operation, will be "frustrated" and its provisions "refused their natural effect," the state law must yield to the superior authority of the federal law within the sphere of its delegated and as-

sumed authority. It should be observed, however, that the intent to supersede, by the federal act, the exercise by the state of its police powers, as to matters not covered by federal legislation, is not to be inferred "from the mere fact that Congress has seen fit to circumscribe and to occupy a limited field." Louisville & N. R. Co. v. State, 16 Ala. App. 206, 76 South. 505, where federal authorities are collected. An inspection of the Cotton Futures Act of Congress (U. S. St. at L., vol. 38, p. 693, c. 255; U. S. Comp. St. 1916, vol, 6, p. 7291, c. 8b. § 6309a et seq.) and the statute of the state of Alabama (App. Sept. 25, 1915, p. 913) discloses no irreconcilable conflict of authority between the state and federal jurisdiction, and that there was field of operation for both laws.

[5] The evidence is without dispute that the parol contract for sale of cotton by T. H. Jones, the defendant, was with Levy, Aronson & White, plaintiffs; that no tax in the nature of an excise tax per pound of cotton involved in the transaction was paid the United States. The transaction is without the provisions of the United States Cotton Futures Act. Thorn v. Browne, 257 Fed. 519, 168 C. C. A. 469.

In City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 South. 159, 162, it was said:

"Repeal by implication is not favored. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. This is never the case if there be a reasonable field of operation, by a just construction, for both; for then they will both be given effect. This is preferable to repeal by implication. Riggs v. Brewer, 64 Ala. 282; Herr v. Seymour, 76 Ala. 270; Wyman v. Campbell, 6 Port. 219, 31 Am. Dec. 677. Each statute which constitutes a part of a system of laws should, if practicable, be so construed as to make the system consistent in all its parts; each is thus considered a part of the whole." Fulton v. State, 171 Ala. 572, 54 South. 688; Board of Revenue v. Johnson, 200 Ala. 533, 76 South. 859; Allgood v. S. S. S. & I. Co., 196 Ala. 500, 71 South. 724.

[6] If effect can, however, be given, consistent with the legislative intent, to a part of the provisions of the old statute, without violation of the provisions of the new, repeal by implication of the old statute by the new will be held to be only partial—to the extent of the modification of the conflict. Would such construction render the provisions of Code, § 3351, applicable in all cases not falling within the provisions of the United States Cotton Futures Act? Are the provisions of Code, § 3353, in harmony with the act of September 25, 1915, as applied to the facts of the instant case?

Within a short while after the adoption of the Cotton Futures Act by Congress our Legislature undertook to make the statutes of this state supplemental to, and consistent

with, the act of Congress. While the latter only applied to the privilege of contracting for the "sale of any cotton for future delivery made at, on, or in any exchange, board of trade, or similar institution or place of business," each contract to be "in writing plainly stating, or evidenced by written memorandum showing, the terms of such contract, including the quantity of cotton involved and the names and addresses of the seller and buyer in such contract," and "signed by the party to be charged, or by his agent. * * *"

[7, 8] In attempting to "conform with" the federal act, the Legislature re-enacted in such wise as that it amounted to a new and complete revision of the entire subject theretofore dealt with in chapter 5 of the Code; and, by implication, the provisions of sections 3349, 3353, of the Code are repealed. It is well established that an act seeking to deal fully and completely with the entire subject of a former statute takes the place of and repeals the provisions of the former. Board of Revenue v. Hewitt, 206 Ala. 405, 90 South. 781; Allgood v. S. S. S. & I. Co. supra; State ex rel. v. Warrior, 181 Ala. 642, 62 South. 69; Prowell v. State, 142 Ala. 80, 39 South. 164; Edson v. State, 134 Ala. 50, 32 South. 308; Lemay v. Walker, 62 Ala. 39; Farmers' Bank v. Inman (Ala. Sup.) 92 South. 604.[1] The act of September 25, 1915, repeals section 3349 of the Code, in that the definition of contracts declared void in the latter statute is different from the definition of contracts made the subject of section 3349, and repeals section 3351 of the Code for the reason that the different acts or failures thereof declared to be prima facie evidence of a void contract under the last statute are different from that embraced in the former; and in the failure to incorporate in the last statute the provisions of section 3353 of the Code, the same was repealed by implication.

It follows that the two statutes were not intended, and cannot be given a field of operation at the same time, and the substance and history of the two enactments show such a conflict that the former was repealed. Board of Rev. v. Hewitt, supra. The result of our last statute on the subject (irrespective of the provisions of the act of Congress and of its constitutionality. Hill v. Wallace, 259 U. S. 44, 42 Sup. Ct. 453, 66 L. Ed.—) was to provide a new, independent, and inconsistent statutory system on the subject under discussion to that theretofore obtaining under the Code of 1907. The plea of set-off and recovery by defendant was under the provisions of Code, § 3353; and the statute of 1915 does not embrace that provision.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.