(97 South. 424)

## COLLINS v. HODGES LUMBER & MFG. CO.
### (2 Div. 815.)

(Supreme Court of Alabama. · April 26, 1923.)

**1. Appeal and error ⊙⇒351(2)—Appeal held in time.**

An appeal from a judgment entered June 14 *held* in time, where the appeal bond was lodged with and approved by the circuit court on September 10.

**2. Appeal and error ⊙⇒795(1)—Motion to dismiss appeal denied where not accompanied by certificate of appeal and certified copy of security for costs.**

A motion to dismiss an appeal will be denied where not accompanied by presentation of the certificate of appeal and certified copy of the security for costs thereof, as required by Gen. Acts 1919, p. 85.

**3. Chattel mortgages ⊙⇒43—Mortgage on property used in hauling held sufficient, though crop mortgage form was used.**

A mortgage covering a wagon and steers used by mortgagor in logging or hauling, instead of in agricultural pursuits, as recited in the mortgage, *held* sufficient, though a crop mortgage form was used.

**4. Chattel mortgages ⊙⇒43—Showing relationship of debtor and creditor, lien on specifically described property, and ample provision for foreclosure, sufficient irrespective of form.**

A mortgage sufficiently showing the relationship of debtor and creditor, and the giving of a lien on property specifically described therein as security for the debt recited, and containing ample provision for foreclosure after default, is valid, irrespective of its form.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Detinue by G. D. Collins against the Hodges Lumber & Manufacturing Company. From a judgment of nonsuit, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The instrument offered by the plaintiff, and excluded on motion of the defendant, is as follows:

"The State of Alabama, Sumter County.

"Know all men by these presents, that the note of even date with this, to G. D. Collins, for the sum of seven hundred and fifty dollars, and payable on the first day of November, 1917, next, was given for advances in horses, mules, oxen, farming implements, provisions and money to buy the same, obtained by me from G. D. Collins, bona fide for the purpose of making a crop and without such advances it would not be in my power to procure the necessary teams, provisions, labor and farming implements to make a crop. And I also hereby declare that said advances or the amount thereof, as also any further additional advances or the amount thereof shall be a lien on ＊ ＊ ＊ crop growing on the ＊ ＊ ＊ plantation, or any other lands that ＊ ＊ ＊ may cultivate in Sumter

---

county, Alabama, this year, and on the stock furnished or which I may buy with the money so advanced, or which I may purchase by exchange of any of the articles advanced me by the said G. D. Collins. In consideration of said advances and to further secure the payment of the note above specified and according to the tenor and effect thereof, I do hereby also sell and convey to the said G. D. Collins the following described personal and real property, now in my possession and belonging to me, to wit:

"1 black mare mule, named Jane; 1 mouse mare mule named Bell; 1 bay horse named Bill; 1 black horse named Black Blind; 2 2¾ Webber wagons, harness and chains;

"And 2nd to Bank of York: $200.00.

"1 8-wheel Hemming wagon; 1 black steer; 1 blue steer; 1 red and 1 black spotted steer and two red steers and two muley red oxen; and also all of * * * ~~crops of corn, fodder, cotton, cotton seed~~ and other crops of all kinds now being cultivated, or which may be grown by * * * and family * * * or by * * * procurement (including all produce and moneys) that may be due me for rent and advances during the year 1917.

"And if said note is not paid at maturity, the said G. D. Collins is hereby authorized to take said personal and real property in his possession, and sell the same at either public or private sale, as he may deem best, and apply the proceeds thereof to the payment of said note and the charges and expenses incidental to the selling of said property; upon this condition, nevertheless, if said note is paid at maturity this conveyance to be void and of no effect. And it is further agreed that if the said G. D. Collins should advance to the said C. D. Allen during the present year any money or provisions over and above the amount of said note this instrument shall also stand for security of the same as fully as if included in said note. And I do expressly waive all exemptions to any property, real or personal, under the Constitution and laws of the State of Alabama as against the payee or assignee of the note above described in regard to the collection thereof. In further consideration of the premises * * * hereby promise and agree to deliver * * * entire crop of cotton raised this year as specified above to the said G. D. Collins.

"Given under my hand and seal on the 12th day of June, 1917.

"C. D. Allen. [L. S.]

"In presence of J. L. Knight."

Patton & Patton, of Carrollton, for appellant.

When delay in filing transcript is not prejudicial, the appeal will not be dismissed. Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363. The mortgage was sufficient and binding, and should not have been excluded. Dyer v. State, 88 Ala. 225, 7 South. 267; Huckaba v. Abbott, 87 Ala. 409, 6 South. 48. There is no prescribed or particular form for a mortgage; it is only necessary to show the relation of debtor and creditor, and that the creditor shall have a lien on certain property. Ellington v. Charleston, 51 Ala. 166; Mervine v. White, 50 Ala. 388; Newlin v. McAfee, 64 Ala. 357.

Thos. F. Seale, of Livingston, for appellee.

The judgment was rendered in June, 1921, the bill of exceptions was presented September 9, 1921, and approved September 10, 1921, and the transcript was not filed until February 5, 1923. The appeal should be dismissed. Acts 1919, p. 85; Merritt v. Blackwell, 208 Ala. 263, 93 South. 693. When a mortgage was executed to secure advances for making a crop, it cannot be shown, by parol or otherwise, that it was intended to enlarge the amount, or to tack onto the mortgage another and different debt. Edwards v. Dwight, 68 Ala. 389; McWhorter v. Tyson, 203 Ala. 511, 83 South. 333; Horton v. Barlow, 108 Ala. 417, 18 South. 890.

THOMAS, J. Submitted on motion to dismiss the appeal and on merits.

[1] The judgment was on June 14, 1921, and the appeal bond was lodged with and approved by the clerk of the circuit court on September 10, 1921. Thus the appeal was taken within the time required by law. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 South. 765; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363; Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241.

[2] The bill of exceptions filed with the presiding judge on September 9 was signed on the 10th day of September, and filed with the clerk of the circuit court on March 1, 1922. The notice of the appeal was given by that clerk February 27, the certificate of appeal filed in the Court of Appeals on February 28, 1922, and the transcript filed therein on February 5, 1923. The proceeding under the statute to dismiss an appeal for failure to file transcript within the time prescribed by law, so far as this record shows, was not complied with by appellee, as we shall indicate. The statute is:

"That the appellant shall file the transcript in the office of the clerk of the Supreme Court, or Court of Appeals within sixty (60) days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same.

"That if the transcript is not filed in the office of the clerk of the court to which the appeal is taken within the time fixed by this act, the appellee may on any Thursday after the first call of the docket in the court to which the appeal is returnable, after the expiration of the time for filing of the transcript, *present the certificate of appeal and certified copy of the security for costs of appeal, or supersedeas bond, and move the court for the dismissal of the appeal or affirmance of the judgment or decree appealed from. * * *"* (Italics supplied.)

Gen. Acts, 1919, p. 85.

The motion in the Court of Appeals is not shown to have been accompanied by a presentation of the "certificate of appeal and certified copy of the security for costs of appeal," as required by statute to author-

ize the dismissal of the appeal, in a proper case. Levy, Aronson & White v. Jones, 208 Ala. 104, 93 South. 733. The motion must have been "duly made" and presented to the Court of Appeals, as required by the statute. Merritt v. Blackwell, 208 Ala. 263, 93 South. 693. The motion to dismiss is denied.

[3] The suit was detinue for the wagon and steers specifically described in the complaint. The trial was had before the court, without a jury. The mortgage sought to be introduced, showing title to the property sued for, was shown to be due and unpaid when the suit was brought. Defendant moved to exclude the mortgage on the ground that it was a "crop mortgage"; the motion was granted, and that evidence excluded. Thereupon plaintiff took a nonsuit on account of such adverse ruling, and appealed as he was authorized by statute to do.

[4] The evidence shows that when the mortgage was given the mortgagor was not engaged in agricultural pursuits, as recited in the mortgage, but in logging or hauling with the personal property described in the mortgage. The written instrument was sufficient and binding, nothwithstanding the fact that a "crop mortgage form" was used by the parties. Huckaba v. Abbott, 87 Ala. 409, 6 South. 48; Dyer v. State, 88 Ala. 225, 7 South. 267. No particular form is required of a mortgage. It sufficiently showed the relationship of debtor and creditor; that the mortgage gave a lien on the property described therein as security for the debt recited. The property was specifically described, and there was ample provision contained therein for foreclosure after default. Bradford v. Proctor (Ala. Sup.) 96 South. 203; [1] Boyett v. Hahn, 197 Ala. 439, 73 South. 79; Oden v. Vaughn, 204 Ala. 445, 85 South. 779; Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co., 194 Ala. 507, 69 South. 931; Mervine v. White, 50 Ala. 388; Ellington v. Charleston, 51 Ala. 166; Lewis v. Davis, 198 Ala. 81, 73 South. 419; Bryant v. Bryant, 35 Ala. 315; Strong v. Gregory, 19 Ala. 146.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.