(106 So. 144)

## HODGES et al. v. COLLINS. (2 Div. 876.)

(Supreme Court of Alabama. Nov. 5, 1925.)

1. Chattel mortgages ⬅229(3) — Exclusion of testimony that prior mortgagee had constituted mortgagor his agent for sale of mortgaged property held error.

In detinue by mortgagee for property purchased by defendants from mortgagor, under mortgage past due when plaintiffs' mortgage was executed, under which mortgage mortgagee therein could have possessed itself of the property and sold at private sale to defendants, exclusion of testimony that prior mortgagee had constituted mortgagor its agent for sale of mortgaged property to defendants, held error, since if defendants purchased at fair and proper sale through mortgagee's agency that would constitute a defense.

2. Evidence ⬅471(31)—Question to witness held not to involve conclusion by use of word "authorized."

In detinue by mortgagee for property purchased by defendants from mortgagor, question whether mortgagor was "authorized" by prior mortgagee to sell property to defendants held not erroneous as involving a conclusion by use of the word "authorized," since it has a well-understood meaning.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Action in detinue by G. D. Collins against W. P. Hodges and another, doing business as the Hodges Lumber & Manufacturing Company. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

───────

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thomas F. Seale, of Livingston, for appellants.

Plaintiff's mortgage was void because of indefinite description, and the court erred in overruling objection to its introduction. Wood v. West Pratt Coal Co., 146 Ala. 479, 40 So. 959. The prior mortgagee had the right to authorize the mortgagor to sell the mortgaged property. Murray v. McNealy, 86 Ala. 234, 5 So. 565, 11 Am. St. Rep. 33. Defendant should have been permitted to show that there was a prior mortgage on the property, and that the prior mortgagee had authorized the mortgagor to sell the property. Henderson v. Murphree, 124 Ala. 223, 27 So. 405.

Patton & Patton, of Carrollton, for appellee.

The plaintiff's mortgage was sufficiently definite as to description. Collins v. Hodges Lbr. Co., 210 Ala. 6, 97 So. 424; Connally v. Spragins, 66 Ala. 258; Hurt v. Redd, 64 Ala. 85; Woods v. Rose, 135 Ala. 297, 33 So. 41; Stickney v. Dunaway, 169 Ala. 467.[1] There was no error in sustaining objection to the question to defendants' witness, whether he was authorized by the Bank of York to sell the property. When a case is tried by the court without a jury, the appellate court will indulge all reasonable presumptions in favor of the decision of the trial court. Henderson v. Henderson, 67 Ala. 519; Bank v. Hall, 119 Ala. 64, 24 So. 526.

GARDNER, J. Suit in detinue by appellee against appellants. Plaintiff rested for recovery upon a certain mortgage executed to him by C. D. Allen on June 12, 1917, as security for a note due November 1, 1917, which mortgage was filed for record July 2, 1919. This mortgage was not void for indefiniteness of description, and defendants' objection to its introduction was properly overruled. See former appeal, Collins v. Hodges Lbr. Co., 210 Ala. 6, 97 So. 424; Stickney v. Dunaway & Lambert, 169 Ala. 464, 53 So. 770; Connally v. Spragins, 66 Ala. 258.

[1] The defendants purchased the property in question from the mortgagor, C. D. Allen. There was a prior mortgage on the property executed by said Allen to the Bank of York, filed for record November 8, 1916, and given to secure a debt due February 4, 1917. This mortgage was marked satisfied as of August 1, 1918, and said Allen's testimony was to the effect that the property sold to defendants embraced in said mortgage was sold for the purpose of satisfying this prior mortgage to the Bank of York, and that the proceeds were so applied. The ex-

[1] 53 So. 770.

act date of the sale to defendants does not appear, but it is reasonably to be inferred from the evidence that it was after the due date of the mortgage to the Bank of York, which mortgage, in fact, was past due at the time of the execution of plaintiff's mortgage. Defendants offered in evidence the mortgage to the Bank of York, but plaintiff's objection to its introduction was sustained. Defendants further offered to show by said Allen, the mortgagor, that he was authorized by the mortgagee, the Bank of York, to sell the property to defendants, so that the proceeds of such sale might be applied in satisfaction of said mortgage. This mortgage contained the provision that, on default in payment thereof, the "Bank of York may take said property and sell the same privately and apply the proceeds to the satisfaction of said note and expenses necessary to the sale." At the time of the sale to defendants, therefore, the Bank of York could have possessed itself of the property and sold at private sale to defendants. The purpose of the testimony offered was in effect to show that the mortgagee had for this purpose constituted Allen, the mortgagor, as its agent, and comes within the influence of the principle recognized in the following quotation from Murray & Co. v. McNealy, 86 Ala. 234, 237, 5 So. 565, 567, 11 Am. St. Rep. 33:

"These cases went upon the ground: That such sale and application of proceeds is the normal and proper purpose of a chattel mortgage, and within the precise boundaries of its lawful operation and effect. It does no more than to substitute the mortgagor as the agent of the mortgagee to do exactly what the latter had the right to do, and what it was his privilege and his duty to accomplish. It devotes, as it should, the mortgage property to the payment of the mortgage debt."

See, also, Abbeville Livestock Co. v. Walden, 209 Ala. 315, 96 So. 237.

[2] The mortgage to the Bank of York was prior to that of plaintiff and duly recorded. If defendants purchased at a fair and proper sale through the bank's agency, that would constitute a defense. The word "authorized" in the connection used in the question had a well-understood meaning, and there is no merit in the suggestion that the question was improper as involving a conclusion.

We are of the opinion the court erred in respect to the rulings on the evidence referred to, and its judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.