**SMITH et al. v. ODELL.　(6 Div. 805.)**

(Court of Appeals of Alabama. April 20, 1926.)

**1. Pleading ⟲8(4)—Plea averring that account sued on was based on gambling consideration held deficient in not averring facts constituting such consideration (Code 1923, § 6808, and sections 6815–6820).**

Plea, erroneously drawn under Code 1923, § 6808, instead of sections 6815–6820, as to contracts for future delivery, that account sued on was based on gambling consideration *held* deficient in not averring facts constituting such consideration.

**2. Contracts ⟲141(1).**

Presumption is that contracts are valid, not that parties intended to violate law.

**3. Contracts ⟲141(1).**

Party asserting invalidity of contract has burden of proving it.

**4. Gaming ⟲12—Parties' intention not to deliver cotton, but to gamble on difference between contract and subsequent market price, is the factor invalidating contracts for future delivery (Code 1923, § 6816).**

Invalidating factor in contracts for future delivery of cotton, under Code 1923, § 6816, is

[1] Ante, p. 57.

parties' intention not to deliver cotton, but to gamble on difference between contract and subsequent market price.

**5. Gaming ⬥12—Controlling intention in determining legality of contract for future delivery is purpose manifested by acts of both parties at time of contracting.**

Controlling intention in determining legality of contract for future delivery of cotton is not secret design of one party to gamble on difference between contract and subsequent market price, but purpose implied and manifested by acts of both at time of contracting.

**6. Gaming ⬥49(3)—Formal agreement need not be proved to show intent to wager on fluctuations in market price of cotton purchased for future delivery.**

While intention to gamble on fluctuations in market price of cotton, purchased for future delivery, may not be proved by undisclosed motive or secret design of either party, it is not necessary to prove formal agreement to that end.

**7. Gaming ⬥12—Intent of parties to contract for future delivery, legal on face, to wager on fluctuations of market price, may be found from evidence of nature of transaction and attending circumstances.**

That contract for future delivery is legal on face does not conclude inquiry of illegality vel non, but parties' real intent to wager on fluctuations of market price may be found from evidence of nature of transaction and circumstances attending it.

**8. Gaming ⬥36, 38.**

In absence of contingencies invalidating contracts for future delivery of cotton, commissions due, and advances by, broker selling them are recoverable.

**9. Trial ⬥251(4).**

Instruction that broker's advances to customer buying or selling cotton are recoverable is abstract and misleading, where dealing is solely in futures.

**10. Gaming ⬥36—Contract violating statute against gambling on fluctuations of market price of cotton purchased for future delivery is void as to broker or agent as well as principal (Code 1923, §§ 6816, 6820).**

Under Code 1923, § 6820, contract for future delivery of cotton, made with intent to gamble on fluctuations of market price in violation of section 6816, is void as to broker or agent as well as principal.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by C. E. Smith and others, as assignees and trustees of S. R. Stewart & Co., against R. D. Odell. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Walter S. Smith, of Lineville, for appellants.

The fact that margins are required does not make the contract illegal. Hooper v. Nuckles (Ala. Sup.) 39 So. 711; 27 C. J. 1062. The presumption of law is in favor of the validity of contracts, and the burden of proof is on him who asserts invalidity. Marengo v. Hooper, 174 Ala. 503, 56 So. 580; Culver v. Caldwell, 137 Ala. 125, 34 So. 13. To make the contract illegal, it must appear that neither party contemplated delivery. Marengo v. Hooper, supra. Advances made by a broker are recoverable; likewise commissions. Peet v. Hatcher, 112 Ala. 514, 21 So. 711, 57 Am. St. Rep. 45; Hubbard v. Sayre, 105 Ala. 440, 17 So. 17.

R. M. Montgomery, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

RICE, J. Plaintiffs employed the common counts to state their case, declaring, respectively, upon an account, an account stated, for merchandise, etc., sold, for money paid by plaintiffs' assignor for defendant, and for money had and received. Defendant filed a special plea as follows:

"The account sued on and the indebtedness alleged to be due from defendant to plaintiff, the foundation of this suit, is based on a gambling consideration; therefore defendant prays judgment."

Plaintiffs introduced a verified account containing several items of debit and credit and a balance drawn, and showed by their witness Stewart, their assignor, that he was a broker with whom the defendant had traded; that defendant had bought a contract calling for 100 bales of cotton, and paid therefor $1,000; that orders were taken by Stewart and transmitted to a firm in New Orleans; that, in the course of trading, defendant bought several of these contracts, closing one and taking out another; and that the items of debit were made up of margins and commissions, and the items of credit being payment or deposit made by defendant. Defendant introduced evidence to show that this trading was mere gambling; that it was never intended by the parties that the actual cotton should be delivered. Plaintiffs' evidence in rebuttal tended to show bona fides a readiness to deliver at stated times, if defendant should so demand.

[1] This summary is sufficient to indicate that defendant misapprehended his defense in filing the plea above quoted. That plea was obviously drawn under section 6808 (article 2, chapter 272) of the Code of 1923. There is a separate article (3) dealing with "contracts for future delivery," containing sections 6815 to 6820, inclusive. Defendant's plea was deficient. It should have averred facts constituting a gambling consideration that a material issue could be taken thereon. Plaintiffs' demurrer pointed out this defect,

and the trial court erred in 'overruling said demurrer.

Proof of the fact that any contract for the future delivery of cotton was not made subject to the provisions of any federal statute relating thereto shall be prima facie evidence of an illegal contract declared void by section 6816 of the Code. Code 1923, § 6819. This rule is different from that of section 3351 of the Code of 1907, whereby proof that the thing contracted for was not actually delivered at the time of the agreement, and that one party deposited margins, was made prima facie evidence of a void contract. Levy v. Jones, 208 Ala. 104, 93 So. 733; Shannon v. McClung, 210 Ala. 273, 97 So. 840.

[2, 3] The presumption is that contracts are valid, nor will it be presumed that parties to a contract intended to violate the law. Marengo Abstract Co. v. Hooper & Co., 174 Ala. 497, 56 So. 580. A party asserting the invalidity of a contract has the burden of proving such invalidity.

[4] The invalidating factor in contracts for future delivery of cotton is the intention of the parties thereto that the cotton is not to be delivered, but that they are to gamble on the difference between the contract price and some subsequent market price thereof. Code 1923, § 6816.

[5, 6] The intention that will control in determining the legality of such a contract is not the secret design in the mind of one of the parties, but the purpose implied and manifested by the acts of both the parties at the time of contracting. Marengo v. Hooper, supra. While intention in the premises may not be proven by undisclosed motive or secret design of either party, it is not necessary in showing an intention of the parties to wager on fluctuations of the market to prove a formal agreement to that end.

[7] The fact that a contract for future delivery is upon its face free from indicia of illegality does not conclude the inquiry of illegality vel non; the real intention of the parties may be found by recourse to proper evidence tending to show the nature of the transaction and the circumstances attending it. Marengo v. Hooper, supra.

Some of the rulings on admission of evidence were not in accord with what we have said above; some of the charges requested by plaintiffs setting forth principles we have stated—charges 3 and 6—were refused; and portions of the oral charge of the court were contrary to the law as we have stated it. In view of the fact that a retrial must be ordered, whereon the issues may be more clearly defined and the evidence may be different in respects from the evidence before us, we deem it unnecessary to deal particularly with each assignment of error. What we have said will suffice as a guide for another trial.

[8, 9] Since contracts of the sort here dealt with are made void only upon certain contingencies, it would follow that, in the absence of these invalidating contingencies, commissions and advances due to or made by the broker are recoverable; but a charge seeking to instruct "as matter of law that advances made by a broker to a customer buying or selling cotton or other commodities are recoverable" is abstract and misleading in a case where the dealing was solely in futures.

[10] A contract made in violation of the statute is void as to a broker or agent as well as to the principal. Code 1923, § 6820.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.