1 So.2d 904

**BOARD OF REVENUE & ROAD COMMISSIONERS OF MOBILE COUNTY et al. v. STATE ex rel. STONE, County Treasurer.**

1 Div. 130.

Supreme Court of Alabama.

April 24, 1941.

1 So.2d 664

**POOLE v. STATE.**

2 Div. 172.

Supreme Court of Alabama.

April 17, 1941.

· Thos. S. Lawson, Atty. Gen., and W. W. Callahan, Asst. Atty. Gen., for appellants.

Gordon & Gordon, of Mobile, for appellee.

GARDNER, Chief Justice.

Petitioner, Stone, as Treasurer of Mobile County submitted to respondents, as members of the Board of Revenue and Road Commissioners of said County, a requisition for blank safety checks on the Merchants National Bank of Mobile, insisting they were necessary in the proper discharge of his duties as such Treasurer in paying out the funds of the County on deposit therein. Local Acts 1911, p. 279; General and Local Acts, Extra Session 1933, p. 51.

The requisition was denied and this mandamus proceeding followed, and from the judgment of the court awarding the writ respondents prosecute this appeal.

Reduced to the last analysis the respondents rest their refusal upon the sole ground that a new and different system has by the Board (to so designate respondents) been adopted in conformity with the suggestion or recommendation of the Director of Finance as contained in a letter to the Chief Examiner of Accounts.

Pursuant to such recommendation the Chief Examiner of Public Accounts prescribed certain forms for the issuance of

warrants or orders on the County Treasurers of the several counties of the State. Under this plan all warrants must be first approved by the Chairman of the "Board" and subsequently countersigned by the County Treasurer. Under this approved plan the Board insists no blank checks are necessary and that all funds be drawn in the manner as above indicated.

The Act of 1935 (General Acts 1935, p. 43) makes provisions for "establishing and maintaining a uniform system of accounting and reporting in the County offices in all counties of this State where officers are charged with the duty of receiving, disbursing and accounting for any public funds or other funds". And the Board insists their action is sustained by the provisions of this Act in connection with the later Act of 1939 creating the Department of Finance, to be found in General Acts 1939, p. 144.

But, as above indicated in the title of the 1935 Act, these Acts look to a uniform system of accounting and reporting, the evident purpose being to facilitate the examination of the books and records of all such officials. The 1935 Act in Sections 2 and 3 makes express reference to accounting and reporting to the end that a "Uniform System of Accounting and Reporting in County offices shall be established". See also Section 5 (15) of Acts 1939, pp. 144, 147.

There is nothing in the Act indicating a legislative intent to disturb any substantive provisions of the law or to work any change in the duties imposed by law upon such county officials. And it is clear enough the meaning of the words "accounting" and "reporting" as used in the Act and as defined in Webster's International Dictionary would not justify such interpretation.

The form of county warrant which the Board insists must be used in all cases calls for approval by the Chairman of the Board. But, as the Treasurer points out, there are numerous claims against the general fund of the county which are payable without regard to the audit and approval of the Board or its Chairman. Illustrative is the local Act (Local Acts 1932, Extra Session, p. 108), wherein provision is made for the payment of the salaries of the Probate Judge, Tax Assessor, Tax Collector, Clerk and Register and the several assistants therein provided, whose warrants are payable out of the county treasury without regard to any audit and approval of the Board or the Chairman. Like observation is applicable to so much of the salaries of the Circuit Judges which are supplemented by the county and payable out of the county general fund. Section 6705, Code 1923. Likewise as to bonds and interest coupons lawfully issued by the County (Section 225, Code 1923), as well as grand and petit jurors certificates. Section 303 (2), Code 1923.

We find nothing either in the title or body of these acts indicating a legislative intent that the law in these respects be changed and that these sums be only payable upon the approval of the Chairman of the Board. As is well understood repeal by implication is never favored. Levy, Aronson & White v. Jones, 208 Ala. 104, 93 So. 733. There is ample field of operation for the 1935 and 1939 Acts without repealing any existing laws and we think it clear the law making body did not intend a change in the existing system of substantive law as herein indicated. So much was indicated in the recent case of Holcombe v. State ex rel. Chandler, 240 Ala. 590, 200 So. 739.

It is clear enough the warrants payable out of the general fund requiring no allowance by the Board and no approval by the Chairman, are properly payable by checks on the bank, and the requisition therefor was due to be honored by the Board as a necessary supply for the office. Local Acts 1911, p. 279. Section 9604, Code 1923.

There is nothing in the answer indicating an insistence that if the Treasurer is correct in his position that checks should be supplied him, the allowance of the requisition is a matter of discretion. The issue is solely upon the necessity for the checks in view of the new system adopted by the Board. As we hold the new system does not render the checks unnecessary, the positive duty was upon the Board to honor the requisition. Declining to do so the writ was properly issued. State Board of Administration v. Roquemore, 218 Ala. 120, 117 So. 757.

Let the judgment stand affirmed.

Affirmed.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.